IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 10-00033-01-CR-W-ODS |
| ) | |
| BILLY BLUE GARRISON, ) | |
| ) | |
| Defendant. ) | |

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DENYING DEFENDANT'S MOTION TO SUPPRESS

On April 7, 2010, the Honorable Sarah W. Hays, United States Magistrate Judge for the Western District of Missouri, issued her Report and Recommendation recommending that Defendant's Motion to Suppress (Doc. # 25) be denied. Defendant filed a timely objection. The Court has conducted a de novo review of the Record, including the video and audio recordings. In particular, the Court has reviewed the recording from Officer Stauch's dash camera. The Court adopts Judge Hays' recommendation and denies the Motion to Suppress.

On January 13, 2010, officers from the Independence Police Department learned that Defendant was wanted on an arrest warrant issued by a circuit judge in Clay County, Missouri. The officers were familiar with Defendant and, after a brief investigation, received information indicating he and his girlfriend were living in a particular house on Glenwood. The information was relayed to Detective Justin Leach and Sergeant Gary Tucker of the Independence Police Department's drug unit. Leach and Tucker began surveillance of the residence at 11:20 p.m.. They planned to arrest Defendant on the Clay County warrant, but concluded it would be safer to wait for Defendant to exit the house than to enter the house to effectuate the arrest. Before commencing their surveillance Leach and Tucker noted a red Ford van in the driveway,[1] but they could not see it from the location from which they conducted their surveillance.

---

[1]The driveway was shared by at least one other residence.

During the surveillance another vehicle was observed entering the driveway and departing after a short period of time. The officers could not see whether anyone entered or left the vehicle while it was in the driveway, but when it passed Tucker was able to see a female inside. The vehicle was stopped later, and no other occupants were found.

After approximately twenty minutes, the red van was observed leaving the driveway. It drove past Tucker and Leach; although they saw two occupants, they could not identify them. They instructed officers Logan Waterworth and Jeremy Stauch[2] to stop the van if they had probable cause to do so.

Officer Stauch encountered the van approximately thirty to sixty seconds later. The dash camera in his car was activated before the van was in sight; presumably Officer Stauch activated it upon receiving instructions about the van from the surveillance team. The camera also indicates when the patrol car's brakes, emergency lights, and siren are activated. At approximately 23:30:01, the van appears to cross over the center line. It does not cross much – but it does appear to cross. Officer Stauch then activated his emergency lights and pulled the van over. As he exited his car, Officer Stauch was advised by dispatch that the tags on the van corresponded to a pickup truck and not a van.

Officer Stauch had encountered Defendant before and recognized him as the driver of the car. Defendant also produced a driver's license confirming his identity. Defendant was arrested and an inventory search was conducted because the van was going be towed.[3] A cooler was found during the search; inside officers found methamphetamine and drug paraphernalia.

The Court concludes the stop of the van was lawful because Officer Stauch had reasonable suspicion that Defendant committed a traffic infraction. "A traffic stop is

---

[2]Waterworth and Stauch were patrolling separately, not together.

[3] Officer Stauch also testified that the van was searched incident to Defendant's arrest, but this justification was likely invalid in light of <u>Arizona v. Gant</u>, 129 S. Ct. 1710 (2009). In light of the Court's holding there is no need to discuss <u>Gant</u> in depth.

reasonable under the Fourth Amendment if it is supported by either probable cause or a reasonable and articulable suspicion that a traffic violation has occurred. Even if the officer was mistaken in concluding that a traffic violation occurred, the stop does not violate the Fourth Amendment if the mistake was an objectively reasonable one." United States v. Herrera-Gonzalez, 474 F.3d 1105, 1109 (8th Cir. 2007) (quotation omitted). The severity of the violation is irrelevant. The officer's subjective motivations are also irrelevant. Thus, it does not matter whether Officer Stauch would have stopped any other driver for the infraction that he saw, nor does it matter that Officer Stauch was specifically seeking a justification for stopping the van. Here, Officer Stauch observed Defendant drive – however briefly – over the center line. This was sufficient to render the traffic stop constitutional.

Defendant argues that he never completely crossed the center line, which he deems significant because he was cited for an improper lane *change*. This argument might serve as a cogent defense to the citation, but the relevant inquiry is not whether Defendant was guilty of the traffic offense but whether Officer Stauch had probable cause to believe an infraction occurred. Moreover, the Court is confident that driving across the center line is, itself, an infraction, and a policeman may lawfully stop a vehicle that straddles or crosses the center line. Cf. id. at 1109-10.

Even if Officer Stauch lacked a lawful basis for stopping the van, the evidence seized would not be excluded. The Court finds by the preponderance of the evidence that Officer Stauch would inevitably have stopped the van as soon as he learned that the plates did not match the vehicle. Although the stop occurred before Officer Stauch learned this fact, there is little doubt (and the Court finds) that he would have stopped the van upon receiving this information from dispatch, which would have led to the identification of Defendant as the driver and the subsequent inventory search. Cf. United States v. Halls, 40 F.3d 275, 277 (8th Cir. 1994), cert. denied, 514 U.S. 1076

(1995) (evidence discovered following unjustified stop of a vehicle not excluded when the vehicle would have inevitably been stopped for other, justifiable, reasons).[4]

Defendant also contends the search of the van was improper. His first argument – that the search was the product of an unlawful stop – is disposed of by the Court's ruling that the stop did not violate the Constitution. Defendant's second argument challenges the scope of the inventory search. He contends the Independence Police Department's written policy does not specifically address the opening of containers, so the officers exceeded the scope of a valid inventory search when they opened the cooler. While adherence to a policy insures an inventory search's reasonableness, the failure to follow the policy does not automatically violate the Constitution. United States v. Mayfield, 161 F.3d 1143, 1145 (8th Cir. 1998), cert. denied, 526 U.S. 1045 (1999). Opening containers is consistent with an inventory search's purpose: "protecting the owner's property while it remains in police custody, in protecting the police against claims or disputes over lost or stolen property, and in protecting the police from potential danger." Id. Generally speaking, a search of a car permits a search of containers found therein. Moreover, the Court of Appeals has rejected the argument Defendant makes here. United States v. Wallace, 102 F.3d 346, 349 (8th Cir. 1996) (rejecting argument that "search of [defendant's] trunk was unreasonable because the NSP written policy did not expressly provide that officers shall inventory locked trunks."). Nothing in the Record persuades the Court that the inventory search was unreasonable.

For these reasons, Defendant's objections overruled and the Report's recommendation is adopted by the Court. The motion to suppress is denied.
IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
DATE: May 24, 2010        UNITED STATES DISTRICT COURT

---

[4]Given these two independent grounds for denying the motion to suppress, there is no need to consider whether there was reasonable suspicion that Defendant was in the van.