IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| BILLY B. GARRISON, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 15-0209-CV-W-ODS |
| ) | Crim. No. 10-0033-01-CR-W-ODS |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

<u>ORDER AND OPINION (1) DENYING MOVANT'S REQUEST FOR
POSTCONVICTION RELIEF AND (2) DECLINING TO ISSUE A CERTIFICATE OF
APPEALABILITY</u>

Pending is Movant's request for postconviction relief. The Court denies the motion and also declines to issue a Certificate of Appealability.

<u>I. BACKGROUND</u>

Movant was charged in a Complaint filed in January 2010, then in an Indictment filed in February 2010. On April 7, 2010, Movant was charged in four counts of a five-count Superseding Indictment. Specifically, he was charged with (1) conspiracy to distribute more than 500 grams of methamphetamine, (2) conspiracy to commit money laundering, (3) possessing more than fifty grams of methamphetamine with intent to distribute, and (4) aiding and abetting the obtaining of a firearm through false or fictitious means. On November 10, 2011, Movant entered a Plea Agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, which permits a defendant and the Government to "agree that a specific sentence or sentencing range is the appropriate disposition of the case . . . ." The parties agreed to the specific sentence of 20 years in prison to be followed by five years of supervised release, no fine, and a $300 mandatory special assessment. Paragraph 6(a) further explained that even though a specific sentence was agreed to and would be imposed if the agreement were accepted by the Court, "the Court is required to determine the defendant's applicable

Sentencing Guidelines range at the time of sentencing." The Plea Agreement also contained (in paragraph 15) a waiver of Movant's "right to appeal any sentence, directly or collaterally, on any ground except claims of (1) ineffective assistance of counsel; (2) prosecutorial misconduct; or (3) an illegal sentence." The Plea Agreement then defined an "illegal sentence" as a sentence greater than the one agreed to by the parties. The Court accepted Movant's guilty plea, approved the Plea Agreement, and directed the Probation Office to prepare a Presentence Investigation Report ("PSR").

The PSR determined Movant's Base Offense Level for the money laundering count was based on section 2S1.1.(a)(1) of the Sentencing Guidelines, which incorporated sections 2D1.1(c)(2) and 2D1.1(b)(1), resulting in a Base Offense Level of 38. To this, two levels were added pursuant to section 2S1.1(b)(2)(B) because of Movant's conviction under 18 U.S.C. § 1956; three levels were then subtracted for Movant's acceptance of responsibility, resulting in an Adjusted Offense Level of 37. Plaintiff had a total of fifteen criminal history points, placing him in Criminal History Category VI. The Sentencing Guidelines would have recommended a sentencing range of 360 months to life.

At the sentencing hearing, the Court sustained some of Movant's objections, resulting in the subtraction of three criminal history points and changing Movant's Criminal History Category to V. Sentencing Tr. at 6-7. The Court also honored the parties' agreement that the Base Offense Level would be 32 before application of adjustments for acceptance of responsibility. Sentencing Tr. at 19-20. The Court thus calculated Movant's Adjusted Offense Level to be 29 and his Criminal History Category to be V, resulting in a sentencing range to be 140 to 175 months.

But, as the Court and the parties were aware, these calculations were supplanted by the Movant's classification as a career offender based on section 4B1.1(a) of the Guidelines. With respect to the requirement that Movant have at least two prior felony convictions of either a crime of violence or a controlled substance offense, the PSR found Movant actually had three predicate convictions. However, the Court determined that one of the predicate convictions (for possession of a pipe bomb) did not qualify as a violent felony. Sentencing Tr. at 10-11. The Court overruled Movant's objection to another conviction's status as a violent felony. This objection involved Movant's

conviction for felony resisting arrest. Sentencing Tr. at 18-19. The Court thus found Movant had two predicate offenses and met the other requirements to be a career offender, making Movant's Adjusted Offense Level 34 and his Criminal History Category VI, resulting in a recommended sentencing range of 262 to 327 months.[1] The Court sentenced Movant to twenty years in prison to be followed by five years of supervised release and imposed a special assessment of $300.

Movant appealed; his attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), and Movant filed a pro se brief. The Court of Appeals granted counsel's motion to withdraw and affirmed, finding no nonfrivolous issues that were not barred by Movant's waiver of his right to appeal. United States v. Garrison, 517 Fed. Appx. 528 (8th Cir. July 15, 2013), cert. denied, 134 S. Ct. 1781 (2014).

## II. DISCUSSION

### A.

Movant's first argument contends his attorney provided ineffective assistance in violation of the Sixth Amendment. A claim of ineffective assistance of counsel is governed by the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984). "This standard requires [the applicant] to show that his 'trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence, and that the deficient performance prejudiced his defense.'" Nave v. Delo, 62 F.3d 1024, 1035 (8th Cir. 1995), cert. denied, 517 U.S. 1214 (1996) (quoting Lawrence v. Armontrout, 961 F.2d 113, 115 (8th Cir. 1992)). This analysis contains two components: a performance prong and a prejudice prong.

---

[1] The Court actually indicated Movant's Adjusted Offense Level based on his Career Offender Status was 37. This is probably an error and should have been 34, as section 4B1.1(b) directs that any adjustments for acceptance of responsibility should be applied.

3

> Under the performance prong, the court must apply an objective standard and "determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance," Strickland, 466 U.S. at 690, while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Id. at 689. Assuming the performance was deficient, the prejudice prong "requires proof 'that there is a reasonable probability that, but for a counsel's unprofessional errors, the result of the proceeding would have been different.'" Lawrence, 961 F.2d at 115 (quoting Strickland, 466 U.S. at 694).

Id. Failure to satisfy both prongs is fatal to the claim. Pryor v. Norris, 103 F.3d 710, 713 (8th Cir. 1997) (no need to "reach the performance prong if we determine that the defendant suffered no prejudice from the alleged ineffectiveness"); see also DeRoo v. United States, 223 F.3d 919, 925 (8th Cir. 2000).

Movant contends counsel was ineffective for failing to insist that the Court obtain a PSR before accepting his plea. The Court holds that even if counsel's failure to insist on this step violated Strickland's performance prong, Movant was not prejudiced.

Section 6B1.2 of the Sentencing Guidelines addresses plea agreements that specify a sentence pursuant to Rule 11(c)(1)(C). This provision states that in the case of an agreement contending a specific sentence, "the court may accept the agreement if the court is satisfied either that: (1) the agreed sentence is within the applicable guideline range; or (2) (A) the agreed sentence is outside the applicable guideline range for justifiable reasons; and (b) those reasons are set forth with specificity in the statement of reasons form." U.S.S.G. § 6B1.2(c). Movant relies on the Supreme Court's decision in Freeman v. United States to suggest the Court had to obtain the PSR and consider the Guidelines *before* accepting the plea. In Freeman, a plurality of the Court said section 6B1.2 "forbids the district judge to accept an 11(c)(1)(C) agreement without *first* evaluating the recommended sentence in light of the defendant's applicable sentencing range." 131 S. Ct. 2685, 2692 (2011) (emphasis supplied). However, this sentence was a part of the larger discussion devoted to determining whether an 11(c)(1)(C) sentence is "based on" the Sentencing Guidelines such that a defendant sentenced pursuant to an 11(c)(1)(C) agreement garners the benefit of a retroactive change to the Guidelines. See United States v. Browne, 698

4

F.3d 1042, 1045-46 (8th Cir. 2012). The plurality's focus was on *whether* the Guidelines had a role in an 11(c)(1)(C) sentence, not *when* the Guidelines had to be considered, so it is not clear that the Court intended to establish a definitive rule on the timing of these events.

In any event, the Court will assume – purely for the sake of argument – that Freeman required the Court to consider the Guidelines before accepting the 11(c)(1)(C) agreement. The Court will also assume, for the sake of argument, that counsel's failure to insist that the Court consider the applicable Guideline range before accepting the plea violated Strickland's performance prong. Movant's claim fails because he was not prejudiced. Movant was a career offender, and assuming that the Court should have reduced his Adjusted Offense Level to 34 his sentencing range was 262 to 327 months. Movant received a sentence below this range, so he cannot claim he was prejudiced by the Court's acceptance of the 11(c)(1)(C) agreement before calculating the appropriate guideline range.

### B.

Movant next challenges the Court's determination that he qualified as a Career Offender. Specifically, he revisits the Court's decision overruling counsel's objection and concluding Movant's conviction for felony resisting arrest was a "violent felony." Movant's argument is not cognizable in a postconviction proceeding.

Movant's argument is not that counsel was ineffective – indeed, counsel raised this objection. Instead, Movant argues the Court's resolution of this dispute arising under the Guidelines was wrong. However, a postconviction proceeding under section 2255 is not a substitute for a direct appeal, so such a proceeding cannot be used as a vehicle to raise issues that are supposed to be raised on direct appeal. E.g., United States v. Frady, 456 U.S. 152, 164 (1982); Auman v. United States, 67 F.3d 157, 160-61 (8th Cir. 1995). Movant's argument is the sort of argument that is cognizable on appeal and thus is not cognizable in this proceeding.

Movant intimates this issue was not raised on direct appeal because his attorney abandoned him and was thus ineffective. The Court declines to hold that an attorney

who is granted leave to withdraw by the Court of Appeals pursuant to Anders has thereby abandoned his client. Moreover, the Anders Brief identified the Court's ruling on this objection as part of the recitation of the case's procedural history. The Court of Appeals was thus well aware of the issue when it determined there were no nonfrivolous issues that were not otherwise barred by the appeal waiver.

C.

Movant's third argument is that portions of Guideline defining career offenders (section 4B1.2(a)(2)) is unconstitutionally vague. This is also an argument that needed to be presented on direct appeal and is not cognizable in a collateral proceeding. The Court again declines to accept Movant's theory that his attorney abandoned him by seeking leave to withdraw pursuant to Anders. Regardless, Movant would not have been prejudiced because of the appeal waiver; defendants cannot skirt the effect of their appeal waivers by bringing the same claims in a postconviction proceeding.

D.

Movant's fourth argument contends the Court failed to consider the sentencing factors set forth in 18 U.S.C. § 3553(a). Movant's argument is not cognizable in a postconviction proceeding. The Court also discerns no prejudice, as the Court sentenced Movant (1) in accordance with the 11(c)(1)(C) plea agreement (2) to a sentence below the Guideline range. Finally, the Record establishes Movant is incorrect; the Court did consider the factors set forth in section 3553(a). Doc. # 241 at 33-35.[2]

E.

Movant contends one of his prior attorneys provided ineffective assistance when he failed to file a motion requesting additional funds to retain an investigator. To clarify

---

[2] All Docket Entries and Transcripts cited in this Order are from the criminal case.

6

prior events and place matters in context: On July 21, 2010 counsel requested funds for transcription services (not an investigator) to allow counsel to transcribe summaries of the evidence for Defendant's use. On October 29, 2010 counsel requested funds to pay an investigator (Mark Reeder) to interview witnesses. Both motions were granted.

In June 2011 counsel wrote Movant a letter that, among other things, stated he was "still trying to get more money approved for Mark Reeder." The Record does not reflect that any additional motions had been filed, and the Record does not reveal what efforts were being made to obtain approval for additional investigative funds.

During this time period negotiations on the plea agreement were taking place, culminating in the execution of the agreement and the change of plea hearing, both events occurring on November 10, 2011. At the hearing Movant related his inability to locate any subsequent requests for investigative funds on the Docket Sheet, but insisted that he had no complaints with the quality of representation he'd received. Doc. # 216 at 20-22.

On April 2, 2012 the Court held a hearing to consider two pro se motions: one for appointment of new counsel and one for an extension of time to file objections to the PSR. Movant alleged that counsel had advised that he could not prepare for trial because his motion for investigative funds had not been granted, leaving him with no choice but to plead – yet, review of the Docket Sheet revealed a second motion for investigative funds had not been filed. Doc. # 217 at 4. Counsel then represented to the Court that he had made a second request for funds but did not get a response from the Magistrate Judge. However, as trial drew near counsel "looked at more evidence that had been provided by the government and I made the decision that the investigation that I thought I needed to do was no longer necessary in light of the new information provided by the government" and that while the investigation "could have been done . . . it wasn't essential to the heart and soul of the case. In fact, the new discovery that was provided by the government . . . made it abundantly clear that we had no plausible defense at trial. And that's why that aspect of the case was not further investigated. That is what led to the plea negotiations in September, October and then the plea in November." Doc. # 217 at 7-8. Movant reiterated his concern that the Docket Sheet reflected a second request had not been filed, at which point the Assistant

7

United States Attorney chimed in and declared "I know for a fact Mr. Gibson applied for additional funds. And that the ruling was never made by the Court. That I know for an absolute fact happened so there was a request. . . . But the reason Mr. Garrison can't find it is because it's a sealed request. The reason I know it was made is because of the fact as an attorney on the case I get notice when a sealed or ex parte motion is made." Doc. # 217 at 8-9.

Defense counsel then explained some of the new events and disclosures that rendered additional investigation unnecessary, including the fact that certain co-defendants pleaded guilty, what those co-defendants might say if called to testify, and the possibility that Movant could face a life sentence. Doc. # 217 at 12-13. After further discussion, Movant made clear that he was not seeking to withdraw his plea, but rather wanted a new attorney that he thought he could trust. Doc. # 217 at 16. The Court granted this request and appointed new counsel.

Of course, the Court also gets notice when a sealed or ex parte motion is made. In addition, sealed and ex parte motions appear on the Docket Sheet; after all, the purpose for having a Docket Sheet is to reflect the activity in the case. The Docket Sheet reflects the sealed ex parte request for funds for a trancriptionist and it reflects the sealed ex parte request for funds for an investigator, but it does not reflect that a second request for investigator funds was made – sealed, ex parte, or otherwise. It is possible that both attorneys misrecollected and the second request – unlike the first one – was made orally during some hearing in front of the Magistrate Judge. But the Court finds it far more likely that both attorneys misrecollected and a second request was never made. The Court believes defense counsel intended to file a second request (and sincerely believes he did) but that he never actually filed the request because he first received the additional information from the Government and concluded that the additional investigation – and the additional funds – were not going to be necessary.

In any event, Movant contends he received ineffective assistance of counsel because the second request for funds was not filed. He does not indicate what the investigator was going to do, who he was going to talk to, or what evidence he was going to seek. Instead, Movant simply states broadly and without explanation that the additional investigation would have exonerated him. Assuming <u>Strickland</u>'s

8

performance prong was violated, Movant's unexplained and unsupported and generalized assertion that he would have been exonerated is insufficient to satisfy Strickland's prejudice prong. E.g., Kennedy v. Kemna, 666 F.3d 472, 479 (8th Cir.), cert. denied, 133 S. Ct. 611 (2012); Wing v. Sargent, 940 F.2d 1189, 1191 (8th Cir. 1991); Sanders v. Trickey, 875 F.2d 205, 210 (8th Cir.), cert. denied, 493 U.S. 898 (1989).

### F.

Movant contends his right to a speedy trial was violated because the Government "vindictively" filed a Superseding Indictment. Movant's theory seems to be that the Government could have included the additional charges in the original Indictment, but only filed a Superseding Indictment to delay the trial and because Movant was asserting his speedy trial rights. Assuming (without deciding) that a theory predicated on "vindictive filing of a Superseding Indictment" is theoretically viable, this argument was waived by Movant's guilty plea. E.g., United States v. Griffin, 668 F.3d 987, 990 (8th Cir. 2012) (unconditional guilty plea waives non-jurisdictional defects, including alleged violations of right to speedy trial). The argument was also waived by the appeal waiver. Finally, this is the sort of argument that must be raised (assuming it had not been waived) on direct appeal and is not cognizable in a postconviction proceeding.

Movant also contends the Court's granting of his motions for continuances violated his speedy trial rights. He essentially suggests the Court should have done more to confirm that defense counsel was working diligently before granting the continuances. He also complains that even if the continuances were justified, they were too long. Again, assuming these theories are theoretically viable, they were waived when Movant pleaded guilty.

### G.

Movant's seventh ground for relief is largely the same as his fifth ground for relief, and there is no need of the Court to repeat its prior discussion. Movant also theorizes that counsel did not fully apprise him of the Government's evidence against

him, but this non-specific contention was contradicted by Movant during his change of plea hearing and does not present grounds suggesting either of Strickland's prongs was violated.

## H.

In his final ground for relief, Movant contends he told his attorney of certain objections to the PSR. His attorney made some of the objections but not all of them, and Movant contends the failure to make all of the objections constituted ineffective assistance of counsel. Without addressing Strickland's performance prong, the Court concludes Movant was not prejudiced.

Movant points the Court to a discussion starting on page 25 of the transcript from the sentencing hearing. Movant explained that while counsel did not file some of the objections, they were nonetheless "resolved today in that you agree that the offense level is 32, because a lot of my objections pertain to individuals that are on the – they are in the PSI that I never met." Doc. # 241 at 26. Movant further explained that some of his objections "don't affect the guidelines." Still others he described as lowering his guideline range to a floor of 140 months. Id. It is not clear, but it appears some of Movant's objections also related in some way to an argument about sentencing disparity. However, Movant was not prejudiced because his guideline range was set by his career offender status, and none of these objections relate to that determination.

Movant also contends his attorney provided ineffective assistance on appeal by filing an Anders brief and not raising the issues Movant wanted to be raised. As explained earlier, the Court is unwilling to hold that an attorney is *per se* ineffective just because he files an Anders brief. Such a holding would not only put this Court in the position of second-guessing the Court of Appeals' approval of the filing of the Anders brief, but would eviscerate the Supreme Court's holding in Anders in which the procedure was approved. Also as explained, many of the issues Movant wanted to be raised were pointed out in the Anders brief, and the Court of Appeals' independent review revealed no nonfrivolous issues. Consequently, the Court concludes counsel did not provide ineffective assistance on appeal.

10

Case 4:10-cr-00033-ODS   Document 266   Filed 06/19/15   Page 10 of 12

## III. CERTIFICATE OF APPEALABILITY

In order to appeal, Movant must first obtain a Certificate of Appealability. The Court customarily issues an Order addressing the Certificate of Appealability contemporaneously with the order on the Petition because the issues are fresh in the Court's mind and efficiency is promoted. See Rule 11(a), Rules Governing Section 2255 Proceedings. 28 U.S.C. § 2253(c)(2) provides that a Certificate of Appealability should be granted "only if the applicant has made a substantial showing of the denial of a constitutional right." This requires Petitioner to demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (quotation omitted).

Even if the Court was required to calculate and consider the relevant guideline range before accepting Movant's guilty plea, reasonable jurists would agree Movant was not prejudiced because Movant's guideline range was above the twenty years established in the 11(c)(1)(C) agreement. It has long been held that postconviction proceedings are not a second opportunity to raise arguments that should be raised on appeal, so there is no real dispute that Movant's speedy trial arguments and challenges to the guideline calculations are not cognizable. Movant has not set forth any basis for believing he was prejudiced by counsel's failure to secure additional investigative funds, so further proceedings are not warranted. Finally, there is no serious question that appellate counsel did not provide ineffective assistance merely by filing an Anders brief, and there can also be no doubt that the Eighth Circuit's finding there were no nonfrivolous issues to be raised means Movant was not prejudiced by appellate counsel's failure to raise additional arguments.

## IV. CONCLUSION

The Motion to Dismiss is denied. The motion for postconviction relief is denied. The Court declines to issue a Certificate of Appealability.

IT IS SO ORDERED.

                                                  /s/ Ortrie D. Smith
                                              ORTRIE D. SMITH, SENIOR JUDGE
DATE: June 19, 2015                          UNITED STATES DISTRICT COURT

12

Case 4:10-cr-00033-ODS   Document 266   Filed 06/19/15   Page 12 of 12